IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **NATHANIEL ARTHUR DOSS,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:05-CV-0767-Y |
| § | | |
| **NATHANIEL QUARTERMAN, Director,**[1] § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Nathaniel Arthur Doss, TDCJ #1106809, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Beeville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

---

[1] Effective June 1, 2006, Douglas Dretke was replaced by Nathaniel Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Accordingly, Nathaniel Quarterman should be automatically substituted as Respondent. *See* FED. R. CIV. P. 25(d)(1). The clerk of Court is directed to docket and change the designation of the Respondent.

Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

On May 17, 2001, Doss was indicted for the capital murder of Summer Little in Case No. 0747077 in the Criminal District Court Number Two of Tarrant County, Texas. (Clerk's R. at 3.) Following a jury trial, the jury found Doss guilty of count one in the indictment, and the trial court imposed an automatic life sentence. (*Id.* at 68, 83.) The Twelfth District Court of Appeals of Texas affirmed the trial court's judgment on July 31, 2003. *Doss v. Texas*, No. 12-02-00180-CR, slip op. (Tex. App.–Tyler 2002) (not designated for publication). In turn, on March 24, 2004, the Texas Court of Criminal Appeals refused Doss's petition for discretionary review. *Doss v. Texas*, PDR No. 1475-03. Doss did not seek writ of certiorari. (Petition at 3.)

On September 8, 2004, Doss filed a state application for writ of habeas corpus, raising the claims presented, which was denied by the Texas Court of Criminal Appeals on June 15, 2005, without written order.[2] *Ex parte Doss*, Application No. 60-184-01, at cover. Doss filed this petition on November 24, 2005, and the action was transferred by the Dallas Division to this Division on December 1, 2005.

## D. ISSUES

In five grounds, Doss claims (1) he was subject to an unlawful arrest and detainment, (2) the jury was unconstitutionally empaneled, (3) he was denied effective assistance of counsel, and (4) there was no evidence or insufficient evidence to link him to the crime. (Petition at 7-8 & Attachment.)

---

[2]As noted by Quarterman, the Texas Court of Criminal Appeals's cover sheet indicates the state court denied Doss's state habeas application without written order on the findings of the trial court, however, no findings are included in the record of the state court proceeding.

### E. RULE 5 STATEMENT

Although Quarterman does not address the issue in his answer, Doss's state court remedies relevant to the claims raised in the petition have been exhausted as required by 28 U.S.C. § 2254(b)(1)(a).

### F. DISCUSSION

#### *1. Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to

4

both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963);[3] *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154 (2004); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997).

## *2. Unlawful Arrest and Detainment*

Doss claims his arrest was unlawful because, although law enforcement officers had obtained a search warrant, they had not obtained an arrest warrant giving them authority to arrest him. Doss also claims his subsequent detainment in jail was unlawful because he was held beyond the legal time period while law enforcement further investigated the offense. (Petition at 7; Pet'r Response at 3-4.)

As to his first claim, a federal court cannot entertain a Fourth Amendment claim brought by a habeas petitioner attacking his state court conviction if the petitioner had an opportunity for full

---

[3]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

and fair litigation of that claim in the state courts. *Stone v. Powell*, 428 U.S. 465, 495 (1976); *Jones v. Johnson*, 171 F.3d 270, 278 (5th Cir. 1999). Doss raised his Fourth Amendment claim in his state habeas application and, thus, had a full and fair opportunity to litigate the claim in the state courts. *Stone* bars relitigation of the issues here. *See Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002).

As to his second claim, Doss asserts that following his arrest and detainment, he was held in jail for 48 hours after the expiration of the legal 72-hour time period for investigation while under detainment before law enforcement filed a complaint against him. (Petition at 7; Clerk's R. at 7.) Doss fails, however, to cite to any authority in support his assertion, and none is found.[4]

### *3. Unconstitutionally Empaneled Jury*

Doss claims the jury was illegally empaneled because two of the prospective jurors, Chad Andrew Wolfe and Hector Manuel Flores-Ortiz, openly admitted during voir dire that they could not give fair consideration to the minimum punishment of five years' imprisonment if Doss were found guilty of the lesser included offense of murder. (Petition at 7 & Attachment at 1.) Doss fails to make a substantial showing of denial of a federal constitutional right. He cites to state law asserting the two prospective jurors were challengeable on the basis that they had bias or prejudice against the law applicable to his case and upon which he was entitled to rely. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(c)(2) (Vernon Supp. 2005). Under Texas case law, however, because Doss was convicted of capital murder, any error during voir dire related to the punishment range of the lesser included offense of murder could not have contributed to his conviction or punishment and

---

[4] State statutory law provides that following an arrest, the person arrested must, without unnecessary delay, but not later than 48 hours after the person is arrested, be taken before a magistrate. TEX. CODE OF CRIM. PROC. ANN. art. 15.17(a) (Vernon 2005). It is unclear, and Doss does not specify, whether he is attempting to raise a claim under article 15.17(a) or some other authority.

was, thus, harmless. *See King v. Texas*, 953 S.W.2d 266, 268 (Tex. Crim. App. 1997). Doss had not shown that state law on the issue is contrary to or involves an unreasonable application of federal constitutional law on the issue or that Wolfe's and Flores-Ortiz's views regarding the full range of punishment prevented or substantially impaired the performance of their duties as jurors. *See Wainwright v. Witt*, 469 U.S. 412, 424 (1985).

*4. Ineffective Assistance of Counsel*

Doss claims his attorney Bill Lane provided ineffective assistance of counsel by failing to challenge for cause prospective jurors Wolfe and Flores-Ortiz based on their bias. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

An attorney's actions during voir dire are considered to be a matter of trial strategy. A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be so ill chosen that it permeates the entire trial with obvious unfairness. The record reflects that the state and Doss's counsel agreed to strike all prospective jurors who expressed a problem with the gruesome photographs and *many* of those who expressed bias against the minimum range of punishment for the lesser included offense of murder. (2Reporter's R. at 136-38.) Counsel did not, however, challenge Wolfe or Felix-Ortiz who were

7

selected to sit on the jury. Such a decision on counsel's part was a strategic decision that will not be second-guessed unless shown to be so ill chosen as to permeate the entire trial with obvious unfairness. *See Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995) (holding attorney's decisions regarding voir dire are strategic); *Romero v. Lynaugh*, 884 F.2d 871, 878 (5th Cir. 1989) (observing that the selection of a jury "is inevitably a call upon experience and intuition" requiring defense counsel to "draw upon his own insights and empathetic abilities"). Doss has not shown that counsel's decision was so ill chosen that it permeated his entire trial with obvious unfairness. Even if counsel's performance was deficient, Doss cannot show prejudice. Having found Doss guilty of capital murder, the jury was relieved of assessing his punishment.

### 5. *Sufficiency of the Evidence*

Doss claims there is no evidence or insufficient evidence to link him to the crime. Quarterman asserts that because Doss raised his sufficiency-of-the-evidence claim for the first time in his state habeas application, the claim is procedurally defaulted. (Resp't Answer at 13-15.)

As a matter of Texas jurisprudence, sufficiency of the evidence may be raised on direct appeal, but is not cognizable on collateral review. *See Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986). Doss did not raise his claim on direct appeal, but, instead, raised the issue for the first time in his state habeas application. Although the Texas Court of Criminal Appeals stated no reasons when it denied habeas relief, that court has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. *See West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1986). Indeed, the state court has reaffirmed that where a state habeas applicant initially challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of

8

the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). This procedural default in state court is an adequate state procedural ground barring federal habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801- 07 (1991). Absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Doss's sufficiency claim is procedurally barred from this court's review.

## II.  RECOMMENDATION

Doss has failed to satisfy the legal standard for habeas corpus relief set forth above, and his petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 21, 2006. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

9

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 21, 2006, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 31, 2006.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE